IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNALDO ITURRIETA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Now comes the Plaintiff, ARNADLDO ITURRIETA ("Iturrieta" or "Plaintiff"), by his attorneys, MARK D. DEBOFSKY and DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum" or "Defendant"), states as follows:

### Jurisdiction and Venue

1. Jurisdiction of this Court is based on diversity of citizenship, 28 U.S.C. § 1332(a) since this matter is brought between citizens of diverse states and the amount in controversy is in excess of $75,000 exclusive of interest and costs. Alternatively, the court's subject matter jurisdiction is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA § 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, involves a group life and accidental death insurance policy (Group Control No. 930741; Group Claim No. 16785949) ("Policy") as to which Plaintiff exercised his portability rights in 2005 and maintained in force thereafter (a true and

accurate copy of the Certificate of Coverage is attached hereto and by that reference incorporated herein as Exhibit "A").

2. If the court's jurisdiction is based on ERISA, in addition to the jurisdictional provisions pled in the preceding paragraph, jurisdiction of this Court is also proper pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

3. If ERISA applies, the ERISA statute provides, at ERISA § 503 (29 U.S.C. § 1133), a mechanism for administrative or internal appeals of benefit denials and terminations. Those avenues of appeal have been exhausted.

4. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1391 or ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because the Plaintiff resides in this district and all relevant facts and occurrences took place within this district.

**The Parties**

5. Arnaldo Iturrieta is an individual residing in Naperville, Illinois and a citizen of the State of Illinois. He is the surviving spouse and named beneficiary of an accidental death group life insurance policy that was originally issued to Exelon Corporation. When Plaintiff left his employment with Exelon in January 2005, he exercised his portability right to maintain coverage for himself in the amount of $500,000 and spousal coverage for Laurel Iturrieta in the amount of $350,000; and said portable coverage remained continuously in effect since at least February 22, 2005 by reason of premiums paid by the Plaintiff. Plaintiff has standing to bring this action as a beneficiary under the terms and conditions of the Policy and under 29 U.S.C. § 1132(a)(1)(B).

6. Unum underwrote and administered the accidental death and dismemberment insurance coverage at issue in this matter. At all times relevant hereto, Unum was a citizen of the

States of Maine, Tennessee and Massachusetts and was doing business throughout the United States and within the Northern District of Illinois at all relevant times hereto.

## Nature of Action

7. This action is brought as a claim for benefits pursuant to either breach of contract or, in the alternative, pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff seeks payment of $350,000 in accidental death and dismemberment insurance indemnity plus interest due under the Policy following the death of Laurel Iturrieta on July 6, 2019 as the result of a cervical spine fracture that resulted from a fall Laurel Iturrieta sustained on June 27, 2019.

8. Plaintiff also seeks prejudgment interest pursuant to 215 ILCS 5/224(1) or alternatively 29 U.S.C. § 1132(a)(1)(B) or, in the alternative, 29 U.S.C. § 1132(a)(3), along with attorneys' fees and costs if ERISA applies pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)), as well as all other remedies to which Plaintiff may be entitled.

## Relevant Policy and Plan Provisions

9. The Policy provides for payment of accidental death benefits if the Insured's dependent dies "within 365 days from the date of the accident," and also contains the following terms and relevant exclusions:

> "**Injury** means a bodily injury that is solely caused by external, violent and accidental means and is independent of any other cause."
>
> "WHAT IS EXCLUDED FROM COVERAGE
>
> We will not pay any claim for a loss that is caused by, contributed to by, or resulting from:
>
> …disease of the body, bodily or mental infirmity, or any bacterial infection other than bacterial infection due directly to an accidental cut or wound…"

10. The Policy does not contain a definition of the term "accident."

## Statement of Facts

11. Laurel Iturrieta died on July 6, 2019 after she fractured her first cervical vertebra in

3

a fall that occurred on June 27, 2019. The DuPage County (Illinois) Coroner determined the manner of death was accidental and reported the "cause of death was aspiration pneumonia due to dysphagia due to a C1 cervical spinal fracture due to a fall."

12. At the time of her death, Laurel Iturrieta had in-force spousal life insurance coverage under the Policy and Plaintiff was designated as the sole beneficiary of her accidental death insurance benefits.

13. Plaintiff timely submitted a claim for benefits to Unum under the Policy shortly after Laurel Iturrieta's death, but the claim was denied.

14. Prior to filing this lawsuit, Plaintiff submitted a pre-litigation appeal of Unum's claim denial, but that appeal was denied.

15. The evidence of record establishes that Laurel Iturrieta's death resulted from injuries sustained in a fall and was not caused by disease or other natural causes. Therefore, her death was an accidental death under the terms and conditions of the Policy, and Unum cannot meet its burden of proof in establishing the applicability of any Policy exclusion. Unum's denial of benefits was based on no more than speculation as to the cause of Laurel Iturrieta's fall and was therefore contrary to the terms of the Policy and contrary to legal precedents dating back more than one hundred years issued by federal and state courts throughout the United States relating to deaths arising in similar circumstances and involving policies of accidental death insurance with terminology substantially similar to or identical to the Unum policy.

15. Plaintiff is entitled to recover the full amount of indemnity due, i.e., $350,000, along with interest that has accrued since the date of Laurel Iturrieta's death.

16. If ERISA is found to apply, Plaintiff is also entitled to recover reasonable attorney's fees and the costs of this action herein pursuant to 29 U.S.C. §1132(g). In the alternative, because

the denial of benefits was based on no more than speculation and was contrary to well-established legal precedent, the refusal to pay benefits was unreasonable and vexatious, and Plaintiff is entitled to recover attorneys' fees and a penalty pursuant to 215 ILCS 5/155.

## Relief Sought

WHEREFORE, Plaintiff respectfully requests that this Court enter an order as follows:

A. That the court enter judgment in Plaintiff's favor and against Defendant and that the court order Defendant to pay benefits due under the Policy to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the Court award Plaintiff her costs of suit and attorneys' fees pursuant to 29 U.S.C. § 1132(g) or 215 ILCS 5/155; and;

D. That Plaintiff be awarded any and all other relief to which she may be entitled, as well as the costs of suit.

Dated: June 28, 2021

Respectfully submitted,

/s/ *Mark D. DeBofsky*
Mark D. DeBofsky
One of the Attorneys for Plaintiff

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds, P.C.
150 North Wacker Dr., Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mdebofsky@debofsky.com